UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:                              ) No. 05-11467-FLK 7
                                    )
BRIAN BUSH &                        ) OPINION
ROCHELLE BUSH,                      )
                                    )
        Debtors.                    )

In this case, the trustee filed an objection to the debtors' claim of exemptions. The debtors filed a response, stating that the trustee's objection was not timely delivered or mailed to the debtors and the debtors' attorney. The facts are undisputed. The first meeting of creditors was held on January 27, 2006. The trustee's objection to the debtors' claim of exemptions was filed on February 26, 2006. On April 24, 2006, the trustee mailed a copy of the objection to the debtors' attorney. It would appear from the record that a copy of the objection was never served on the debtors.

The question before the court is whether a trustee's objection to a debtor's claim of exemptions is timely when the objection was filed on the 30th day and served on the 87th day after the conclusion of the first meeting of creditors. Interim Federal Rule of Bankruptcy Procedure 4003[1] establishes the procedure whereby the trustee may object to the debtor's claim of exemptions and whereby the debtor may challenge the trustee's objection. The strict 30-day time period stated in Rule 4003(b) is meant to provide the debtor with timely notice that the trustee objects to the debtor's claimed exemption. For that reason, the court holds that the trustee's objection to the debtor's claim of exemptions must be delivered or mailed to the debtor and the debtor's attorney within 30 days after the conclusion of the first meeting of creditors. Because the trustee's objection was not delivered or mailed to the appropriate parties within the 30-day period, the trustee's objection is dismissed.

---

[1] Interim Rule 4003 implements the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Rule 4003 was amended, on an interim basis, effective October 17, 2005. 2005 U.S. Order 42 (C.O. 42). The changes are not relevant to the disposition of this case. Hereafter, the court will refer to Rule 4003(b).

MEMORANDUM DECISION - 1

When a debtor files a bankruptcy petition, all of the property in which the debtor has an interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). The debtor, however, may remove property from the estate through the exemption process. 11 U.S.C. § 522(b). The debtor is required to file a list of property that the debtor claims as exempt. 11 U.S.C. § 522(l). Unless a party in interest files a timely objection to the debtor's claim of exemptions, the property claimed as exempt on such list is deemed exempt. Taylor v. Freeland & Kronz, 503 U.S. 638, 643, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992). If a party in interest, including a trustee, objects to the debtor's claim of exemptions, the objecting party shall follow the procedure set forth in Rule 4003.

In relevant part, Rule 4003 provides as follows:

> (1) Except as provided in paragraph (2), a party in interest may file an objection to the list of property claimed as exempt <u>within 30 days after the meeting of creditors held under § 341(a) is concluded</u> or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.
> (2) An objection to a claim of exemption based on § 522(q) shall be filed before the closing of the case. If an exemption is first claimed after a case is reopened, an objection shall be filed before the reopened case is closed.
> (3) <u>Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.</u>

(Emphasis added.) Rule 4003(b) states that an objection to a claim of exemptions may be filed only within 30 days after the conclusion of the first meeting of creditors. It further states that copies of the objection shall be delivered or mailed to the debtor and the debtor's attorney.

This dispute between the debtor and the trustee is a contested matter. Rule 4003, Advisory Committee Notes; In re Stratton, 106 B.R. 188, 191 n.6 (Bankr. E.D. Cal. 1989). Contested matters generally are governed by Federal Rule of Bankruptcy Procedure 9014, which provides that relief shall be requested by motion and which further provides that the affected party shall be given reasonable notice and opportunity for hearing. Significantly, the rule states that the motion shall be served in the manner provided for service of a summons and complaint by Federal Rule of Bankruptcy Procedure 7004. Here, the trustee's notice which was mailed to the debtors' attorney did not constitute service upon the debtors nor did it comply with Rule 7004.

MEMORANDUM DECISION - 2

Rule 9014, however, does not apply to objections to exemptions under Rule 4003(b) because Rule 4003(b) specifies the manner in which an objection to the claim of exemptions shall be served. In re Shuman, 78 B.R. 254, 256 (B.A.P. 9th Cir. 1987); In re Hawthorne, 326 B.R. 1, 5 (Bankr. D. Dist. Colo. 2005). In short, Rule 4003(b), as the specific rule dealing with objections to exemptions, controls service of such an objection, not Rule 9014(b). Consequently, the pertinent rule here allows for delivery or mail notice, rather than requiring service of process. In this case, service of the objection to the debtor's claim of exemptions, as to the debtors' attorney, was complete upon mailing on April 24, 2006. Federal Rule of Bankruptcy Procedure 9006(e).

Rule 4003(b) is clear that the objection must be filed within the 30-day time limit. The rule is also clear that the objection must be delivered or mailed to the debtor and the debtor's attorney. What is less clear, and at issue here, is what happens when the objection is timely filed but not delivered or mailed to the debtor and the debtor's attorney for some time thereafter—outside the 30-day time limit. There is another issue that the court does not decide: What is the consequence of the trustee's failure to deliver or mail a copy of the objection to the debtors?

The trustee argues that there is no time line because Rule 4003 does not specify a time for the service of the objection. The trustee notes that Rule 4003 is derived from former Bankruptcy Rule 403. Under Rule 403, the trustee had 15 days from the date of the trustee's qualification to file a report, which could include an objection to the debtor's claim of exemptions. The debtor could object to the trustee's report, provided the debtor objected within 15 days after the filing of the report. Obviously, it was important that the debtor be notified regarding the filing of the report. Consequently, Rule 403 mandated that the trustee forthwith deliver or mail copies of the report to the debtor and the debtor's attorney.

Rule 4003 changes the thrust of the former rule by making it the burden of the debtor to list the debtor's exemptions and the burden of the trustee to raise objections, in the absence of which the property claimed as exempt shall be exempt. Moreover, the date from which the debtor is required to respond to the trustee's objection runs from a different date, the date of the conclusion of the first meeting of creditors, not from the date that the trustee's report is filed. As a result,

MEMORANDUM DECISION - 3

Rule 4003 no longer requires the trustee to "forthwith mail or deliver copies of the trustee's report to the debtor" and simply requires that copies of the objection shall be delivered or mailed to the debtor and the debtor's attorney. Here, the trustee argues that the changes in the form and language of the rule indicate that his obligation to deliver or mail a copy of his objection to the debtors and the debtors' attorney is less time sensitive.

The trustee also observes that the Bankruptcy Court for the Eastern District of Washington utilizes electronic filing. Therefore, he argues that the debtors' attorney either received, or could have received, electronic notice that the trustee had filed an objection to the debtors' claimed exemptions. A diligent debtor's attorney, the trustee argues, should have been motivated by this electronic notice to investigate the trustee's objection to the debtors' claimed exemptions. The problem with this contention is that Rule 4003(b) specifically requires notification to the debtor and the debtor's attorney by delivery or mail. The rule does not provide for electronic notification. Moreover, while our court has established a mechanism by which attorneys can receive electronic notice of the filing of documents, the local rules pointedly do not authorize service by this means.

There are a number of other possible answers to this legal question. The court could interpret Rule 4003(b) as requiring the trustee to deliver or mail a copy of the trustee's objection within a reasonable period of time. The benefit of such a rule is its flexibility—the court would have the discretion to look at the circumstances of each case and decide each case based upon those circumstances. The problem with such an interpretation is that it injects uncertainty into Rule 4003(b). Normally, strict and specific guidelines for the filing and delivery of documents work best. More importantly, a rule employing flexibility does not comport with Rule 4003(b)'s rigid 30-day time limit. The purpose behind Rule 4003(b) has been summarized as follows: "Rule 4003(b) was meant to provide the debtor with timely notice that the trustee or other interested party objects to the debtor's claimed exemption." In re Spenler, 212 B.R. 625, 630 (B.A.P. 9th Cir. 1997). If timely notice is the purpose behind Rule 4003(b), how can the court interpret the rule as having no time line or a flexible time line in the delivery or mailing of the objection?

MEMORANDUM DECISION - 4

Timely notice is accomplished by serving the objection, not by filing it. The requirement is hardly onerous. Here, trustee could have completed service of the objection by simply placing the document in the mail on the 30th day. Rule 9006(a), (e).

Alternatively, the court could interpret Rule 4003(b) as requiring the trustee to deliver or mail a copy of the trustee's objection to the appropriate parties within the same 30-day period as the requirements for filing, i.e., the objection must be filed and delivered or mailed within the 30-day period. In the court's opinion, this bright line rule has much to recommend it. The rule is clear. Additionally, this interpretation is consistent with the drafters' elimination of the "forthwith" language that previously existed in Rule 403. Because the trustee is obligated to deliver or mail the objection within the 30-day period, the rule no longer requires the "forthwith" language. Under the current rule, the trustee's objection must be delivered or mailed within the 30-day period.

If you think about it, why would a trustee file an objection and not deliver or mail it to the debtors and the debtors' attorney? The court cannot think of a good reason for what amounts to a secret or undisclosed objection to a claim of exemptions. Conversely, the reasons for disclosing the objection are immediately evident. A strict construction of the 30-day time limit for delivering or mailing an objection to the appropriate parties provides finality for the parties with respect to the property claimed as exempt—the same reason for the rule requiring that the objection be filed within the 30-day period. And, a rule allowing transmittal of the objection outside the 30-day period could effectively undermine the rule's strict time limit. As stated in Stoulig v. Traina, 169 B.R. 597, 601 (Bankr. E.D. La. 1994), aff'd, 45 F.3d 957 (5th Cir. 1995): "If this Court were to ignore the 30-day time limitation of Rule 403(b), debtors would remain suspended in limbo awaiting action by the trustee or creditors to file objections to the debtor's claim for exemptions. Such a result would contravene the well-established principle that bankruptcy proceedings in general and Rule 4003(b) in particular are designed to efficiently settle bankrupt estates."

Case law addressing the issue before the court is limited. As far as the court can determine,

MEMORANDUM DECISION - 5

there are two cases, both written by the same judge. The cases are In re Kjerstad, 56 B.R. 260 (Bankr. D. S.D. 1984) and In re Hilmoe, 56 B.R. 262 (Bankr. D. S.D. 1985). In Kjerstad, the trustee timely filed an objection to the debtor's claimed exempt property but failed to serve a copy of the objection on the debtor and the debtor's counsel for more than 2 months thereafter. The court disallowed the trustee's objection, ruling that Rule 403 required the trustee to deliver or mail his objection within the initial 15-day period. The court reasoned that its holding was compelled by both the policy behind the rule and its actual language. The court identified finality as the policy behind the rule—the parties to the bankruptcy required a quick determination as to the scope and identity of exempt property. Also, the court focused on the rule's use of the word "forthwith," which the court held obligated the trustee immediately to mail or deliver a copy of the objection to the debtor and the debtor's attorney.

One year later, the same court addressed the same issue on similar facts but with a new bankruptcy rule – Rule 4003. In Hilmoe, the trustee timely objected to the debtor's exemptions but failed to comply with the rule that required that a copy of the trustee's objection would be delivered or mailed to the debtor and the debtor's attorney. Applying Rule 4003(a), the court ruled that the trustee must file and deliver or mail copies of the objection to claimed exemptions within 30 days of the meeting of creditors. The court explained "[t]he Trustee's failure to promptly serve the debtor and his attorney derogates the requirements of the Rules and undermines the purpose of limiting the time when an objection may be made. Requiring parties in interest to file and serve objections to claimed exemptions within thirty (30) days of the meeting of creditors or any amendments to the list of exemptions allows the debtor to seek a prompt determination of his right to exemptions, and, consequently, furthers the 'fresh start' policy behind the Code." Hilmoe, 56 B.R. at 263. In Hilmoe, the court relied more upon the policy of finality and less upon the language of the court rule.

Issues concerning Rule 4003 have arisen in two other contexts. In Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), the Supreme Court considered what happens if a trustee fails to object to a debtor's claim of exemptions within the 30-day

MEMORANDUM DECISION - 6

period. The court held that a trustee cannot contest the validity of a claimed exemption after the 30-day period had expired, even if the debtor has no colorable basis for claiming the exemption. This case provides support for the strict construction of Rule 4003, based upon the policy of finality for the parties with respect to the property claimed as exempt.

There is also a line of cases that address the issue as to whether a court could extend the 30-day period for filing an objection to an exemption, if the court failed to rule on a timely motion to extend before the expiration of the period. The courts generally said "no"–adopting a bright line rule that the court must act within the 30-day period. In re Laurain, 113 F.3d 595 (6th Cir. 1997); Stoulig, 45 F.3d 957. In response to Stoulig and Laurain, Rule 4003(b) was amended to permit the court to grant a timely request for an extension, even if the court fails to rule before the expiration of the 30-day period. Significantly, the amended rule continues to require a timely objection, i.e., an objection filed within the 30-day period. Again, we see the courts adhering to a strict construction of the rule based upon the policy of finality.

Based upon this authority, the court holds that the trustee's objection to the debtor's claim of exemptions must be delivered or mailed to the debtors and the debtor's attorney within the same 30-day period as the requirement for filing. In this case, the facts regarding the date of the first meeting of creditors and the date when the trustee's objection was delivered or mailed to the debtors and the debtors' attorney are undisputed. The trustee's objection was not delivered or mailed to the appropriate parties within the 30-day period. Accordingly, the trustee's objection to the debtors' claim of exemptions is dismissed. Under the holding in Taylor, the trustee is barred from contesting the validity of the claimed exemptions.

In view of the court's decision, the court need not address the remaining issue as to the consequence of the trustee's failure to deliver or mail a copy of the objection to the debtors.

DATED this 28th day of July, 2006.

_____
FRANK L. KURTZ
Bankruptcy Judge

MEMORANDUM DECISION - 7